In the Matter of the Proof of the Will of GEORGE ENGELHARDT.

APRIL TERM, 1888.

QUESTION RESERVED, BY DOLE, J.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The provision in Section 1242 of the Civil Code, that an executor on applying for probate of a will shall apply for a citation to the next of kin, is a mere direction and not a mandate, and to the applicant and not to the Court, and it is not necessary that the next of kin should be cited.

OPINION OF THE COURT, BY McCULLY, J.

The testator was a resident of Honolulu, and died in Honolulu. His will being offered for probate by the executors named therein, and proof having been taken of due execution, it appearing that the heirs of the testator in Germany had not had time to appear in answer to notices sent them by the executors, the Court (Mr. Justice Dole), at request of counsel for petitioners, reserves for the Full Court the question whether the matter of probate should be continued until the heirs at law have notice.

BY THE COURT.

The question appears to have arisen from the provision of Section 1242 of the Civil Code, that the person applying for probate of a will shall also apply for citation of the next of kin of the deceased.

We quote the Section: "In all cases in which any person, whether a subject of this Kingdom or otherwise, shall decease in any part of this Kingdom leaving a will in this Kingdom of his or her property within its jurisdiction or abroad, or having died abroad, and there left a will bequeathing or disposing of his or her property in this kingdom, it shall be imcumbent upon the person named as executor of such will, or on the person to

be benefited thereby, or on the person in whose charge the same was deposited, or some person in behalf of those interested, to apply to some judge of a Court of record at chambers for probate of such will, and for citation of the witnesses thereto, and of the next of kin of the deceased."

Citation, per Bouvier's Law Dictionary, is "a writ issued out of a Court of competent jurisdiction commanding a person named therein to appear and do something therein mentioned, or to show cause why he should not, on a day named. By citation is also understood the act by which a person is summoned or cited." No such summons and service could, of course, be made beyond the jurisdiction of the Court. The statute cannot be considered as requiring an impossibility. Nor does the statute require that a citation shall be made. It only states that it shall be incumbent on a party to apply for a citation. This is a mere direction and not a mandate, and to the petitioner and not to the Court. The presence of the next of kin is not essential to proof of the will. Such a matter is not on the footing of a judgment between a plaintiff and defendant wherein it must appear that the latter has been duly served with process. The probate of a will is the finding by the Court that the document was executed by the testator under certain statute conditions and formalities. This is to be established by the two subscribing witnesses which the law makes essential, and by others as the case may require, e.g., to prove the death. It is very desirable in many instances that the settlement of the business of a deceased testator should suffer no delay. The present is a case of this kind. The deceased was a merchant doing business without a partner. The estate would suffer great loss by the mere suspension of the business and the locking up of his store and goods until heirs in Germany could make an appearance upon the question of probate of the will. Rents and interest accrue and goods deteriorate. Rights of creditors are involved. There is no reason why the executors named in the will should not come to their full powers after the common term of notice, and proceed with the administration. It is

not yet a question of the distribution of the estate. There is time, in the six months or more before the executors may report these administrative proceedings, to notify foreign heirs, and the Court might require before distribution of the estate that some notification should have been made, though no statute requires this. Probate of will may be revoked for cause shown thereafter.

Upon this view of the reserved question we remit proceedings to the Probate Court for conclusion.

*W. O. Smith*, for proponents.